# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRANDON T. WIEGAND,<br>    Appellant, | DOCKET NUMBER<br>PH-3443-21-0250-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: May 1, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sara A. Austin</u>, Esquire, York, Pennsylvania, for the appellant.

<u>Thomas G. Kane</u>, Esquire, Carlisle, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appellant's appeal of his nonselection for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts, as further detailed in the initial decision, appear to be undisputed. At the time relevant to this appeal, the appellant had several years of experience as a GS-11 Curator of Firearms and Ordnance at the U.S. Army War College in Carlisle, Pennsylvania. Initial Appeal File (IAF), Tab 13, Initial Decisions (ID) at 1. In and around April 2017, the agency attempted to fill a GS-14 Museum Curator position at the U.S. Army Center of Military History in Fort Belvoir, Virginia. ID at 2-3.

¶3 The appellant applied, but the agency deemed him not qualified and therefore did not refer him for further consideration. *Id*. In a pair of statements made under the penalty of perjury, the Human Resources Specialist that handled the vacancy announcement stated that she reviewed the appellant's application materials and determined that he lacked the specialized experience required for the position. ID at 3-4; IAF, Tab 5 at 71-72, 110. Among other things, she stated that he lacked 1 year of specialized experience at the GS-13 level or its equivalent, and that he also lacked documentation showing that he had previously

managed a geographically dispersed work force. IAF, Tab 5 at 72. She also provided similar deposition testimony. *Id*. at 80-84.

¶4    The appellant first challenged his nonselection through the equal employment opportunity (EEO) process, alleging disability discrimination and EEO reprisal. ID at 4; IAF, Tab 5 at 30. In April 2021, an Administrative Judge with the Equal Employment Opportunity Commission issued a summary judgment in the agency's favor. ID at 4; IAF, Tab 5 at 29-36.

¶5    In June 2021, the appellant filed the instant appeal, similarly challenging his nonselection, with the help of an attorney that continues to represent him on review. ID at 4; IAF, Tab 1. The administrative judge dismissed the appeal, without a hearing. ID at 1. He found that the appellant failed to present nonfrivolous allegations that the Board had jurisdiction over this matter. ID at 8-11. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In the case of a nonselection, the Board lacks direct jurisdiction under 5 U.S.C. § 7512. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). However, an appellant may appeal his nonselection by other statutory means, such as the Veterans Employment Opportunities Act of 1998 (VEOA), the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), or through an individual right of action (IRA) appeal under the Whistleblower Protection Act (WPA) and Whistleblower Protection Enhancement Act of 2012 (WPEA). S*ee id.* An appellant may also present an employment practices appeal or suitability appeal. *See Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 6 (2009).

¶7 The administrative judge issued an order that recognized and explained these limitations and exceptions. IAF, Tab 2 at 2-5. The appellant responded, through his attorney, asserting that the Board had jurisdiction over this appeal for several reasons, including some not related to the exceptions mentioned above. IAF, Tab 3 at 7-10. For example, he seemed to suggest that his allegations of disability discrimination and prohibited personnel practices were sufficient to establish jurisdiction over his nonselection. *Id.* But it is well settled that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012). Similarly, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Id.*

¶8 The administrative judge issued a second order, noting that the appellant had failed to focus on the relevant exceptions to the Board's general lack of jurisdiction over nonselections. IAF, Tab 7 at 1. However, he acknowledged that the appellant had implicated an employment practices claim and the administrative judge, therefore, provided another explanation about the associated standards. *Id.* at 1-3. He instructed the appellant to present further argument and evidence to satisfy the appellant's jurisdictional burden. *Id.* at 3. The appellant responded again, with some arguments about the same. IAF, Tab 8 at 17-22.

¶9 Following the two orders on jurisdiction and two responses, the administrative judge held a status conference. The associated summary indicated that the appellant was pursuing an employment practices claim, along with claims under 5 U.S.C. § 2302(b)(8)-(9), which would require exhaustion with the Office of Special Counsel (OSC). IAF, Tab 11; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (recognizing that the jurisdictional burden in an IRA appeal alleging whistleblower retaliation includes proving that an appellant has exhausted his administrative remedies before the OSC). Thereafter, the appellant filed his third pleading about jurisdiction and the scope of this appeal. IAF, Tab 12. He indicated that this appeal concerns the

employment practices provisions and 5 U.S.C. § 2302(b)(9)(A)(ii). *Id*. at 4. The appellant identified no other basis under which he believed the Board had jurisdiction.

¶10        In the initial decision, the administrative judge considered the appellant's most recent clarification of his appeal, regarding employment practices and section 2302(b)(9)(A)(ii), and found that the Board lacked jurisdiction. ID at 6-11. To the extent that the appellant had attempted to present an employment practices claim, the administrative judge found that the Board did not have jurisdiction because the appellant's allegations did not implicate the Office of Personnel Management (OPM) and because his allegations were directly related to an individual hiring decision, rather than an employment practice. ID at 8-11. To the extent that the appellant separately relied on section 2302(b)(9)(A)(ii), the administrative judge explained that claims under that provision are not independently appealable to the Board. ID at 7-8, 11.

¶11        On review, we first note that the appellant's petition includes hundreds of pages of evidence. Some is a copy of evidence presented below. *Compare* PFR File, Tab 1 at 260-71, *with* IAF, Tab 5 at 74-97. But most is new evidence submitted for the first time on review. PFR File, Tab 1 at 29-258. It consists of an investigative report stemming from his 2017 EEO complaint about the nonselection, which the administrative judge recognized as absent from the record below. *Id*.; ID at 2 n.1, 3. We found nothing to explain why the appellant submitted this evidence for the first time on review and no basis for concluding that it is new and material. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015) (recognizing that the Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).

¶12    We next note that the appellant faults the administrative judge for not mentioning disability discrimination in the initial decision.  PFR File, Tab 1 at 18-19.  However, as described above, the appellant seemed to narrow the scope of his jurisdictional claims after being notified of the Board's jurisdictional limitations.  IAF, Tab 12 at 4.  More importantly, as also described above, the Board lacks jurisdiction over a claim of disability discrimination in the absence of an otherwise appealable action.  *Compare Pridgen*, 117 M.S.P.R. 665, ¶ 7 (finding that the Board could not consider the appellant's discrimination claim in concert with an appeal of her nonselection, where the Board lacked jurisdiction over the nonselection), *with Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶¶ 13-15 (2014) (remanding a removal appeal for further adjudication of an appellant's disability discrimination claim, where the Board had jurisdiction over the removal).

¶13    The appellant's petition also includes cursory references to the merit system principles, prohibited personnel practices, and suitability.  PFR File, Tab 1 at 22-23.  But there is nothing about these references that implicates Board jurisdiction over the appellant's nonselection.  *See, e.g.*, *Alvarez*, 112 M.S.P.R. 434, ¶¶ 6-7 (explaining the suitability actions appealable to the Board and recognizing that a nonselection for a specific position is not a suitability action).

¶14    The remainder of the appellant's petition appears to focus on his claim that the Board has jurisdiction over this matter as an employment practices appeal. PFR File, Tab 1 at 19-28.  An applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board.  *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15 (2011); 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practice claim under 5 C.F.R. § 300.104(a) when the following two conditions are met:  (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment

practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Burroughs*, 116 M.S.P.R. 292, ¶ 15. An agency's misapplying a valid OPM requirement may constitute an appealable employment practice action. *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 10 (2007). The term "employment practices" includes the development and use of examinations, qualification standards, tests, and other measurement instruments. *Id*.; 5 C.F.R. § 300.101. Although that term is to be construed broadly, "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice.'" *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998).

¶15    Once again, the appellant reportedly lacked at least two things required of the GS-14 vacancy for which he was not selected—experience managing a geographically dispersed workforce and GS-13 or equivalent experience. IAF, Tab 5 at 72. It seems that the crux of the appellant's argument is that the agency needlessly added the "supervision of a dispersed workforce" qualification standard. PFR File, Tab 1 at 19-25. He also seems to suggest, without substantive explanation, that he did not have the requisite year of GS-13 experience but he nevertheless had equivalent experience that should have been deemed sufficient for the GS-14 vacancy. *Id*. at 26-27.

¶16    We have considered the appellant's arguments but we do not find them persuasive. Although it is apparent that the appellant disagrees with his nonselection, his claims do not establish or nonfrivolously allege Board jurisdiction over this matter as an employment practices appeal.

¶17    Specific to his argument about the prior management of a geographically dispersed workforce qualification standard, the appellant has presented nothing of substance to suggest that this was an employment practice that OPM is involved in administering. To the contrary, the appellant repeatedly describes this standard as one that the agency added on its own, separate from any qualification standards by OPM. *E.g.*, *id*. at 6-14, 19. Plus, even if the appellant had indicated that this

qualification standard was one in which OPM was involved, it is not apparent to us why the appellant believes the standard would violate one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.  By his own telling, the vacancy at issue was a GS-14 position that would oversee 13 Army museums.  PFR File, Tab 1 at 7.  Without any substantive argument to the contrary, prior experience managing a geographically dispersed workforce seems rather prudent.

¶18        Specific to the appellant's arguments about his past experience and whether it sufficed for the GS-14 position, these are best characterized as a challenge to the agency's individual hiring decision, rather than an employment practice.  The appellant does not clearly implicate any employment practice that OPM is involved in administering which violates one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103 when he alleges that his personal experience should have been deemed comparable to GS-13 experience. *See Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 159-60 (1993) (recognizing that an appellant was challenging his nonselection and alleging irregularities in the selection process, including ones about the agency tailoring the job requirements for a different candidate, but finding he did not meet his burden of establishing Board jurisdiction over the claims as an employment practices appeal), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table).  We recognize that the appellant has summarily stated that the Human Resources official misapplied OPM's standards, but the assertion is not supported by any persuasive argument or evidence.  PFR File, Tab 1 at 15-16, 27.  For all these reasons, the appellant's petition for review is unavailing.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                       /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.